UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **James William Hall,** ) | CASE NO. 1: 21 CV 1564 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **G.M.S. Management Co., Inc.,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**Introduction**

*Pro se* Plaintiff James William filed this action under 42 U.S.C. § 1983 seeking damages against his former landlord, G.M.S. Management Co., Inc. (GMS), and twelve other Defendants. (Doc. No. 1.) He sues: GMS; James R. Ogden; the Barberton Municipal Court, Judges David Fish and Todd McKenney, and Magistrate Andrew Peck; Ohio Ninth District Court of Appeals and Judges Julie Schafer, Lynne Callahan, Donna Carr, Jennifer Hensal, and Thomas Teodosio; Summit County Court of Common Pleas Judge Mary Margaret Rowland; and the Ohio Court of Claims. (*Id*. at 2-5.)

Defendants have all filed Motions to Dismiss Plaintiff's Complaint pursuant to Federal Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. Nos. 9, 11, 13, 14.) Plaintiff has responded to these Motions, and filed his own Motions "to deny" and "not to dismiss" his complaint. (Doc. Nos. 15, 23, 24.) Plaintiff has also filed a Motion to Subpoena Documents from the Barberton Municipal Court. (Doc. No. 30). For the reasons that follow, Defendants' motions to dismiss are granted, Plaintiff's motions are all denied, and this action is dismissed as against all Defendants.

## Background

In 2019, GMS, represented by attorney James Ogden, brought an eviction action against Plaintiff in Barberton Municipal Court. *GMS Management Co., Inc. v. James Hall* in Case No. CVG 1901059. The Barberton Municipal Court rendered judgment against Plaintiff. After Plaintiff appealed the decision, the Ohio Court of Appeals affirmed the Municipal Court's judgment. *Hall v. GMS Mgt. Co.*, No. CA 29726, 2020-Ohio-5601, ¶ 1, 2020 WL 7238530 (Ohio App. 9 Dist., Dec. 9, 2020).

While Plaintiff's appeal of the eviction proceeding was pending, Plaintiff filed a new action in the Summit County Court of Common Pleas ("Hall 2"). He sued twelve defendants, including GMS; Mr. Ogden; the Barberton Municipal Court and Judges Fish, McKenney, and Magistrate Peck; and the Ohio Ninth District Court of Appeals and Judges Schafer, Callahan, Carr, Hensal, and Teodosio. *James Hall v. GMS Management, Co. Inc.*, No. CV-2020-09-2502 (Summit Cty. Ct. of Comm. Pls.) ("Hall 2"). Plaintiff contended he was wrongfully evicted and wrongfully assessed damages in Hall 2, and that the judges and magistrate of the Barberton Municipal Court and Ohio Ninth District Court of Appeals engaged in misconduct and violated his rights in adjudicating the case. Hall 2 was assigned to Summit County Court of Common Pleas Judge Mary Margaret Rowland, who issued a decision in January 2021, granting motions by the Defendants to dismiss the case on the bases of immunity and failure to state a claim. Judge Rowland ruled:

> On review, when Plaintiff's amended complaint is viewed in the light most favorable to Plaintiff, accepting all factual allegations as true, it appears beyond doubt from the amended complaint that the Plaintiff can prove no set of facts entitling him to recovery due to the application of judicial immunity, attorney immunity, immunity of parties and witnesses during judicial proceedings, and lack of a cause of action asserted against GMS, therefore, the 9th District,

>Barberton Court, and Landlord's motions to dismiss are well taken and GRANTED.

(Slip op., Doc. 11-2 at 7.)

The Ninth District Court of Appeals affirmed Judge Rowland's decision. *Hall v. GMS Management Co., Inc.*, No. CA29920, 2021-Ohio-2392, ¶ 1, 2021 WL 2948448, at *1 (Ohio App. 9 Dist., July 14, 2021).

Now, in this case, Plaintiff again sues all of the Defendants he sued in Hall 2 (except the Ohio Court of Appeals), as well as Judge Rowland and the Ohio Court of Claims. (Doc. No. 1 at 2-5.) Although his complaint is unclear, he seeks damages under § 1983, contending he was wrongly evicted and assessed damages in the Barberton Municipal Court eviction case and/or that his rights were violated in connection with the adjudication of the case and in Hall 2.

## Standard of Review and Discussion

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim upon which relief may be granted. To survive a dismissal for failure to state a claim, a "complaint must present 'enough facts to state claim to relief that is plausible on its face.'" *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although pleadings and documents filed by *pro se* litigants are generally "liberally construed" and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face to survive dismissal for failure to state a claim. *See Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011). In determining a motion

to dismiss for failure to state a claim, a court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits*, 552 F.3d at 434.

Upon review of Plaintiff's complaint and the pending motions, the Court agrees with Defendants that Plaintiff's complaint fails to allege any plausible claim against them upon which he may be granted relief.

First, "[i]t is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988), citing *Pierson v. Ray*, 386 U.S. 547, 553 (1967). Absolute judicial immunity shields judicial officers from damages suits arising out of the performance of their judicial functions even when they act erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). There are only two sets of circumstances in which a judicial officer is not entitled to immunity. A judge is not immune from liability for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or for actions "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

Plaintiff purports to sue Defendants Fish, McKenney, Peck, Schafer, Callahan, Carr, Hensal, Teodosio, and Rowland on the basis of rulings they made, or conduct in which they engaged, during the performance of their official judicial functions in the Barberton Municipal Court eviction action or in Hall 2, and as to which they are all absolutely immune from a damages suit. Plaintiff does not allege cogent facts in his complaint, or in his opposition briefs, plausibly suggesting that any of these judicial Defendants took any action falling outside of the

scope of their absolute judicial immunity. Accordingly, Plaintiff's complaint fails to state a plausible claim and must be dismissed as against these Defendants on the basis of judicial immunity.

Second, Plaintiff's complaint is devoid of merit and fails to state any plausible claim to the extent it is brought as against any of the Defendants he already sued in Hall 2.

*Res judicata* bars a party from re-litigating claims that he already raised, or could have raised, in a prior lawsuit arising out of the transaction or occurrence that was the subject matter of the prior action. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). *Res judicata* has four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Id*.

All of these elements are present with respect to any claim Plaintiff purports to assert in this case against the Defendants he sued in Hall 2. As set out above, Judge Rowland of the Summit County Court of Common Pleas issued a final judgment on the merits in Hall 2, resolving Plaintiff's claims and complaints of wrongdoing in connection with the adjudication of the Municipal Court eviction action against him. This judgment bars Plaintiff from bringing any claims against the same Defendants arising out of the same transaction or occurrence, as Plaintiff purports to do in this case. Any claim Plaintiff purports to allege in this case against the Defendants he sued in Hall 2 is barred by *res judicata*.

Finally, Plaintiff's complaint is devoid of merit and fails to state any plausible claim

against the Ohio Court of Claims (as well as the Barberton Municipal Court) on the basis that, "absent express statutory authority," courts are not *sui juris* and lack capacity to sue or be sued in their own right in federal court. *Lawson v. City of Youngstown*, 912 F. Supp.2d 527, 529 (N.D. Ohio 2012). Plaintiff has not identified any "express statutory authority" allowing the Ohio Court of Claims or Barberton Municipal Court to be sued under § 1983.

### Conclusion

For all of the foregoing reasons, Plaintiff's complaint fails to state any plausible claim upon which he may be granted relief against any Defendant in the case. Accordingly, Defendants' Motions to Dismiss (Doc. Nos. 9, 11, 13, 14) are all granted, Plaintiff's motions (Doc. Nos. 15, 23, 24, and 30) are all denied, and this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 12/7/21